UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x   Case No: 05 CV 9460
MARISA D'ADAMO,

              Plaintiff,

    v.

SPORTSCARE INSTITUTE, INC.
BARI VITOLO AND RON LOMBARDI,

              Defendant(s).
------------------------------------x
------------------------------------x
SPORTSCARE INSTITUTE, INC.
BARI VITOLO AND RON LOMBARDI,

              Defendant/Third Party
              Plaintiff

    v.

LEWIS G. MAHARAM, M.D.

              Third Party Defendant
------------------------------------x

**STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

Pursuant to Rule 56.1 of the United States District Court for the Southern District of New York Local Civil Rules, Defendants/Third Party Plaintiffs, Bari Vitolo, Sportscare Institute, Inc. and Ron Lombardi s/h/a Ron Lambardi, by their attorneys, Perez, Furey & Varvaro, submits the following statement of material facts as to which it contends there is no genuine issue to be tried:

    1.    Sportscare Institute, Inc. (SCI), is a New Jersey Corporation with its principle place of business located at 11 Eagle Rock Avenue, East Hanover, New

1

Jersey. (See Plaintiff's Complaint attached to the Declaration at Exhibit A).

2. Defendant Ron Lombardi (hereafter "Lombardi") is the President and CEO of SCI. (See Plaintiff's Complaint attached to the McNally Declaration at Exhibit A).

3. Defendant Bari Vitolo (hereafter "Vitolo") is a Vice President of SCI and was the Plaintiff's direct supervisor at all times relevant to this proceeding. (See Vitolo Dep. P. 17 attached to the McNally Declaration at Exhibit C).

4. Kathleen Miller (hereafter "Miller") is the Director of Human Resources for SCI. (See Affidavit of Kathleen Miller attached to the McNally Declaration at Exhibit E).

5. Plaintiff, Marisa D'Adamo ("D'Adamo"), was hired as the Director of the SCI's physical therapy clinic located at 24 W 57th Street, New York, New York on or around June 2, 2003. Her last day of employment with SCI was December 23, 2004. (See Affidavit of Kathleen Miller attached to the McNally Declaration at Exhibit E).

6. Third Party Defendant, Lewis G. Maharam, M.D., (also referred to herein as the "Doctor") operates a sports

      medicine practice located within SCI's facility in Manhattan since June 2003. (See Maharam Dep. at P. 27 attached to the McNally Declaration at Exhibit D).

7. Dr. Maharam is not and has never been an employee of SCI. (See Maharam Dep. Tran. at P. 265 attached to the McNally Declaration at Exhibit D).

8. Dr. Maharam has never held any supervisory role over the plaintiff. (See Maharam Dep. at P. 265 attached to the McNally Declaration at Exhibit D).

9. SCI has a clearly written anti-Harassment policy that includes clear instructions to its employees on how to report any harassing behavior. The Policy was provided to the plaintiff. (See Affidavit of Kathleen Miller attached to the McNally Declaration at Exhibit E and the Plaintiff's Dep. at P. 74 attached to the McNally Declaration at Exhibit B).

10. The Plaintiff was referred to SCI for the position of Director of Physical Therapy by the Doctor who had met the Plaintiff sometime in 2002 when she was working for a physical therapy group known as Plus One. (See Plaintiff's Dep. at P. 141 - 143 attached to the McNally Declaration at Exhibit B).

3

11. The Doctor is the medical director of the New York Road Runners Club and gave the plaintiff the position of Physical Therapy Captain of the New York City Marathon. (See Plaintiff Dep. at p. 31 attached to the McNally Declaration at Exhibit B).

12. The plaintiff requested that Dr. Maharam examine her in his office on December 29, 2003, more than six months after she claims he had begun to sexually harass her on a regular basis. (See Maharam Dep. at p. 256 attached to McNally Declaration at Exhibit D, and Plaintiff's Dep. at p. 132-135 and Dep. Exh. L attached to the McNally Declaration at Exhibit B).

13. The plaintiff wrote the Doctor a thank you note for the gifts he had given her, for his support and for the fun he had shared. (Plaintiff Dep. at P. 102 attached to the McNally Declaration at Exhibit B). The note was written some time in December 2003 or January 2004. (See Maharam Dep. at P. 231 attached to the McNally Declaration at Exhibit D).

14. Plaintiff told Amy Youner in October 2003 that Dr. Maharam was the offices Santa Claus. (See Youner Affidavit attached to the McNally Declaration at Exhibit F).

4

15. In an undated fax to Vitolo, the Plaintiff provided a log of events detailing certain events and activities involving the Doctor. The log covered the period of time during January, February and March 2004. (See Plaintiff's Dep. at p. 107-108 and D'Adamo Deposition Exhibit K which is attached to the McNally Declaration at Exhibit B).

16. There is no mention of any sexually harassing conduct in the log provided to Vitolo. (See Deposition Exhibit K which is attached to the McNally Declaration at Exhibit B).

17. In response to the Plaintiff's complaints about the Doctor, Vitolo initiated numerous meetings and telephone conversations with both the Plaintiff and the Doctor to try and resolve the issues. (See Samala Affidavit attached to the McNally Declaration at Exhibit G, Youner Affidavit attached to the McNally Declaration at Exhibit F, and Maharam Dep. at pgs. 215 - 226 attached to the McNally Declaration at Exhibit D).

18. As part of the investigation conducted by SCI into this matter, Vitolo assigned another senior employee of SCI, George Samala, to visit the office and observe

first hand the operations and interactions going on in the office. (See Samala Affidavit attached to the McNally Declaration at Exhibit G).

19. In her complaint the Plaintiff alleges that there were several other woman who worked for SCI who experienced similar issues with the Doctor. At no time did SCI ever receive any complaints of any problems of any nature with the Doctor from anyone other than the Plaintiff. (See Plaintiff's Complaint attached to the McNally Declaration at Exhibit A and the Miller Affidavit attached to the McNally Declaration at Exhibit E).

20. On October 28, 2004 Plaintiff met with Kathleen Miller and reported that she had been sexually harassed by Dr. Maharam. (See Affidavit of Kathleen Miller attached to the McNally Declaration at Exhibit E and the Plaintiff's Complaint attached to the McNally Declaration at Exhibit A).

21. On October 28, 2004, Miller and Lombardi met with the Plaintiff to discuss the issues she had raised. The Plaintiff conveyed the same information to Lombardi that she had earlier conveyed to Miller. Lombardi told the Plaintiff that he would talk to the Doctor and

tell him to stop his alleged conduct and to stay out of SCI's office space. Also, Lombardi advised the Plaintiff that the following steps would be taken immediately to remediate the issue:

    a. Plaintiff no longer had to do rounds with the Doctor;

    b. The door that normally was kept open between the Doctor's office and the treatment area would be closed;

    c. The Doctor would be spoken to about the seriousness of the situation;

    d. The Plaintiff's hours would be adjusted so that she would not be in the clinic when the Doctor had office hours;

    e. The Plaintiff was given the option of working in another location if she was interested.

(See Affidavit of Kathleen Miller attached to the McNally Declaration at Exhibit E)

22. The Plaintiff was informed by Lombardi on October 28, 2004 that he was considering opening up another office in Manhattan and asked the Plaintiff if she had any interest in being involved in assisting in the opening up of that operation. (See Affidavit of Kathleen

7

Miller attached to the McNally Declaration at Exhibit E).

23. All of the remedial steps proposed by Lombardi and agreed to by Lombardi, Miller and the Plaintiff on October 28, 2004 were implemented immediately. (See Affidavit of Kathleen Miller attached to the McNally Declaration at Exhibit E).

24. On November 11, 2004 the Plaintiff sent an e-mail to Lombardi confirming their next meeting date on November 16, 2004. The November 5th meeting had been postponed because Lombardi had a death in the family. In her e-mail the Plaintiff made the assertion that the purpose of the meeting was pertaining "to the ongoing, unresolved sexual harassment to which I have been subjected to by a male in the workplace over the last year. It is very imperative that this matter is handled immediately, as our last meeting will have been almost a month ago". (See Affidavit of Kathleen Miller attached to the McNally Declaration as Exhibit E).

25. Lombardi responded with an e-mail confirming the meeting and pointing out to the Plaintiff "your statement of sexual harassment is new to me. In all

of our prior meetings you never made any claim or reference to sexual harassment." (See e-mail attached to the McNally Declaration at Exhibit H).

26. On November 16, 2004 the Plaintiff indicated that she was going to resign her position with SCI and relocate to Naples, Florida where her family lives. (See Affidavit of Kathleen Miller attached to the McNally Declaration at Exhibit E).

27. On November 17, 2004, Miller contacted the Plaintiff to see if she would be interested in a consulting position with SCI in Florida and the Plaintiff responded positively and seemed excited about the idea. (See Affidavit of Kathleen Miller attached to the McNally Declaration at Exhibit E).

28. On December 2, 2004, the Plaintiff formally declined the offer to work as a consultant for SCI. (See Affidavit of Kathleen Miller attached to the McNally Declaration at Exhibit E).

DATED: June 16, 2006
Uniondale, New York

Yours, etc.,
PEREZ, FUREY & VARVARO
Attorneys for Defendant/Third Party Plaintiff,
Office and Post Office Address
333 Earle Ovington Boulevard
P.O. Box 9372
Uniondale, New York 11553-3644
(516) 745-8310

By: _____
Thomas M. McNally (3995)